# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1874.

---

OSCAR F. COMPTON, Appellant, *v.* LEANDER B. SHAW, Respondent.

*Warehouseman — liability of, for charges on freight stored with him by common-carrier in case of unauthorized delivery of it by him to consignee.*

A warehouseman, with whom freight, on which the charge for transportation is unpaid, is stored by a common-carrier, and who, without the knowledge or consent of the common-carrier, delivers the property to the consignee, is liable to the common-carrier for the amount of his charges.

Appeal from a judgment, dismissing the complaint.

The plaintiff was a boat owner, and received, as a common-carrier, a quantity of grain, shipped from Fort Plain, and consigned to the Security Insurance Company of New York.

Part of the grain was delivered to the consignee, and the balance was stored by the plaintiff, in the warehouse of the defendant, the plaintiff, at the same time, taking a receipt therefor. Part of the plaintiff's freight and charges had not been paid.

The defendant subsequently delivered the grain to the brokers of the consignee, and this action was brought to recover $482.50,

for which plaintiff claimed to have a lien on the grain, this sum being the amount of his freight and charges thereon.

    *C. D. Landon,* for the appellant.

    *H. C. Place,* for the respondent.

BARNARD, J.:

    I think the court erred in nonsuiting the plaintiff. He had, as a common-carrier, transported a cargo of wheat from Fort Plain to the city of New York. The wheat was consigned to the Security Insurance Company. Part of the cargo was delivered to the consignee, and the plaintiff, being unable to obtain his freight and advances on the wheat, deposited the same in the defendant's warehouses, and took a receipt therefor from defendant, in his own name. This act was done with the distinct understanding between the plaintiff and one Buckout, who acted for the insurance company, that it was done to save plaintiff's lien upon the property. The defendant, without plaintiff's knowledge or consent, delivered the property to Hoyt & Co., who were brokers for the insurance company. The plaintiff only seeks to recover the value of his special interest in the property, being the amount of such freight and advance charges. I see no defense to his claim. He was in possession of the property, with a lien upon it, and having a right to retain the property therefor, as against the owner. By the delivery to the defendant, as warehouseman, and by the receipt he took, the plaintiff was still, in law, in the possession of the property; and the defendant, by delivery thereof to Hoyt, was guilty of a conversion, and must answer to plaintiff for his interest in the property.

    The judgment should be reversed and a new trial granted, costs to abide the event.

    Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

    Judgment reversed and new trial granted, costs to abide the event.